## Chester v. Underhill.

A town in which a husband and wife have a settlement can not maintain an action against the husband for money paid without legal compulsion to another town for supplies furnished to the wife.

Assumpsit. The town of Grafton furnished the defendant's wife, who was found within its limits destitute and sick, with needful supplies, and informally gave notice to the town of Chester, where she had her settlement; and that town paid the amount expended for such supplies, and brought the present action to recover the sums so paid.

It appeared that the defendant had, before the supplies were furnished, deserted his wife and gone to parts unknown. The service was made by attaching property in the hands of a trustee, who defended the suit.

The facts were submitted by the parties, with the agreement that such judgment should be rendered as this court should order.

*Bell & Tuck*, for the plaintiff.

*H. F. French*, for the defendant.

Woods, J. It is well settled that charitable relief afforded to an individual, although at his own request, creates no cause of action against him, if he be afterward of sufficient ability to pay; and in contemplation of law relief afforded by a town to a pauper is ordinarily considered as a charity and a gift, and will not create a debt against the pauper himself for which an action can be successfully brought. *Charlestown* v. *Hubbard,* 9 N. H. 195.

It would seem upon the doctrine of that case, that if Grafton furnished the support as a charity, and relieved

Mrs. Underhill as a pauper, and must in point of law be considered as having furnished her with supplies in that character, no action could have been maintained, because an action will not lie to recover back a gift.

But in *Rumney* v. *Keyes*, 7 N. H. 575, it is decided, that where the husband makes no provision for the support of his wife standing in need of relief, and having made application to the selectmen for relief, and obtained it at the expense of the town, the town might recover of the husband for supplies so furnished. In such a case, the law it seems will not treat the support furnished as a mere charitable relief, as a gift to the husband who is bound to support his wife, but in the absence of evidence to the contrary, considers that it was furnished at his cost, at his request, and upon his account. And well enough may it be so considered; for it would be unreasonable to compel the town to supply the pauper, and in the absence of all statute law giving a remedy against the husband, to hold him discharged also from his common law obligation to support his wife. It is not unreasonable to hold, that although such relief furnished a pauper is in law a mere gift, for which no action will lie against the pauper, still it is not a gift to the husband, and that he is not relieved from the duty of supplying the wife, or paying for supplies furnished her in case of his neglect. In short, the common law doctrine, that a wife unprovided for carries with her the credit of her husband, for such things as are necessary for her according to her degree, has not an exception in the particular case of a town that relieves her in a state of destitution.

The unreasonableness of conferring upon a town the right to commence a suit against a pauper, arrest his body, and throw him into jail, which would be the necessary result if furnishing the relief created a debt against him, is assigned in *Charlestown* v. *Hubbard* as the foundation of the rule of law there declared, that, as against the

pauper, the relief furnished is a mere charity and gift to him.

No such reason however exists for extending the same rule to a party who is not a pauper, or who is under any legal liability to support the person who happened to be in need of certain necessaries, and receives them at the hands of the town. There is no more reason in such a case, that the supplies furnished should be deemed a gift, than if furnished by an individual.

But, without stopping to inquire whether, upon the other facts found by the case, the defendant was liable to the town of Grafton for the supplies furnished to his wife, but assuming such liability to have existed, the question arises whether the plaintiffs, who paid to Grafton the amount expended by the latter town for her support, can now recover the same of the defendant.

It is a well settled rule of law, that one can not, by a voluntary payment of another's debt, make himself a creditor of that other. The defendant was liable to indemnify the town of Grafton for supplies furnished to his wife. He would have been liable to an individual who should have furnished them. But it does not follow that another party who comes forward and pays the debt which the defendant was liable to pay, can recover of him the amount so paid. The positions of the two are wholly dissimilar; and the party whom the law in compassion to the destitute wife has clothed with a legal claim against the husband, whose credit, as has been said, she carried with her for the purposes of such relief, can not, by receiving money from another party, substitute him in his own place, and endow him with his claim. For the necessities of the wife require nothing of this kind, and the legal fiction which supplies the proof of a request from the husband to the one who furnishes the things the wife needs, does not supply the proof that a stranger who pays for them does so at the like request of the husband.

Chester *v.* Underhill.

But it is said that the town of Chester is not a stranger, but a party upon whom the law cast the duty of paying for the support thus furnished, and having been compelled to pay, stands in the place of Grafton, in regard to the remedy. If the fact of Mrs. Underhill being settled in Chester, and so imposing upon that town the duty upon certain conditions of reimbursing what another town should have expended for her relief as a pauper, established of itself, and without any thing further, such relations between the two towns, that upon the furnishing such supplies, a request on the part of Chester, and a promise to pay, could at once be implied, then, perhaps, what Grafton did might be regarded as merely an act done in behalf of the town liable. Then the consequence possibly would be, that Chester would be entitled against the defendant, as having been the effective minister of relief.

But no such relation exists between towns; and the town in which the pauper has his settlement is liable to a town that relieves him, only upon condition that notice is given under the statute. No such condition has been complied with. Chester has never been compelled to pay for the support of the defendant's wife, but, so far as appears, has interposed as a volunteer to pay the debt of another, with or without the expectation of thereby becoming his creditor.

It does not appear that any step was taken or meditated with a view to fix the liability, or that if the plaintiff had not voluntarily paid, the town of Grafton would not have pursued its remedy against the defendant, whose means enabled him to discharge the debt. We think that the action can not be maintained.

*Judgment for the defendant.*